IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID ANDERSON, on behalf of himself )
and others similarly situated, )
                                              )
      Plaintiff, )
                                              )
v. ) Civil Action No.:
                                              )
KENNETH MOON, )
                                              )
      Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, DAVID ANDERSON ("PLAINTIFF"), on behalf of himself and others similarly situated, and files this Complaint against DEFENDANT, KENNETH MOON ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT operated two Florida corporations, Premier Plumbing and Leak, LLC and Florite Plumbing & Leak Detection, LLC, with principal addresses in Gainesville Florida, which provided plumbing services in the Northern District of Florida, and PLAINTIFF performed work for DEFENDANT in Gainesville, Florida.

## BACKGROUND

4.  PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5.  Upon information and belief, at all relevant times, with respect to the above identified companies DEFENDANT had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

6.  Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide commercial and residential plumbing services.

7.  At all relevant times, DEFENDANT was an employer as defined at 29 U.S.C. § 203.

8.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9.  In or around October 2017, DEFENDANT hired PLAINTIFF to work as a plumber's assistant at a rate of pay of $10 per hour. He continued in that capacity until he separated from DEFENDANT in or around July 2018.

10. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

11. Throughout his employment as a plumber's helper, PLAINTIFF worked between 50 and 100 hours per week, but was paid only $300 per week at a rate of $10 per hour,

regardless of the number of hours he worked.

12. The proposed class of additional individuals includes plumber's assistants, who, like PLAINTIFF, were only paid $300 per week even though they worked 50 to 100 hours per week.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated at a rate of one and one-half times their usual hourly rate when they worked more than 40 hours per week.

14. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages for the benefit of himself and the above-identified plumbing companies.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. With regard to the above-identified companies for which PLAINTIFF worked, DEFENDANT had daily responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF and those similarly situated were, at all relevant times non-exempt

employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which they did not receive appropriate compensation.

19. During employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week and the minimum wage provisions of the Act by not paying him at least minimum wage for every hour he worked. These violations also occurred with regard to those similarly situated.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANT.

21. DEFENDANT'S failure to properly compensate PLAINTIFF and those similarly situated was a willful and knowing violation of the Act.

22. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF and those similarly situated, they have suffered substantial delay in receipt of wages owed and damages.

23. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation at a rate of one and one-half times their agreed hourly rate for the overtime hours they worked, minimum wage for the hours they worked unpaid, and an additional equal amount to those sums as liquidated damages, together with an additional amount for attorney's fees and costs of litigation.

24. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF and those similarly situated demand judgment against DEFENDANT and respectfully pray the Court that they will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  January 17, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF